UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LLOYD LIFESTYLE LTD., et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>SOARING HELMET CORP.,<br><br>    Defendant. | CASE NO. C06-0349C<br><br>ORDER |

This matter comes before the Court on the motion by Defendant Soaring Helmet Corporation ("SHC") to quash a deposition subpoena served on its lead counsel by Plaintiffs Lloyd Lifestyle Limited, Lloyd IP Limited, and VSJ Limited (together, "Lloyd"). (Dkt. No. 1.) Having considered the memoranda, declarations, and exhibits submitted for and against the motion, the Court will GRANT the motion for the following reasons.

**I.   BACKGROUND**

This dispute arises out of consolidated opposition and cancellation proceedings before the United States Patent and Trademark Office's Trademark Trial and Appeal Board ("TTAB"). The parties assert mutually exclusive rights to the marks "NITRO" and "NITRO RACING" as used in connection with motorcycle helmets and accessories. SHC prepared registration applications for both marks in May 2003;

ORDER – 1

Lloyd filed its opposition and cancellation petitions in February 2005, which were consolidated by the TTAB in November.  (*See* Edmiston Decl. Exs. 6, 7.)

Against this backdrop, the present dispute surrounds Lloyd's issuance of a deposition subpoena to SHC's attorney Mark Jordan on November 23, 2005.  (*Id.* Ex. 8.)  Lloyd asserts that a deposition is justified because Jordan executed a declaration with both registration applications that "to the best of his knowledge and belief no other person, firm, corporation or associate has the right to use said mark in commerce" and that "the facts set forth in this application are true."  (*Id.* Ex. 1 at 2; *id.* Ex. 2 at 2.)  In addition to his role with regard to these applications, Lloyd further asserts that Jordan had "advised and represented [SHC] in negotiating a license agreement and an assignment of the [marks] between the parties."  (Opp'n 4.)  SHC does not appear to contest these allegations.  SHC nonetheless objected to the deposition taking place and filed its motion to quash the subpoena on March 10, 2006.  (Dkt. No. 1.)

## II.   LEGAL ANALYSIS

SHC seeks an order under Rules 26(c) and 45(c)(3) precluding Lloyd from deposing Jordan as scheduled for March 24, 2006.  As an initial matter, the Civil Rules permit discovery "regarding any matter not privileged, which is relevant to the subject matter involved in the pending action."  FED. R. CIV. P. 26(b)(1).  The Rules permit such matters to be discovered via the deposition of "any person" without leave of court, and do not expressly "exempt attorneys from being a source of discoverable facts."  FED. R. CIV. P. 30(a)(1); *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 164 F.R.D. 245, 247 (D. Kan. 1995).  Nonetheless, SHC requests an order under Rule 26(c)(1) "that the disclosure or discovery not be had" because, under 45(c)(3)(A)(iii), the deposition would require "disclosure of privileged or other protected matter and no exception or waiver applies."  (Mot. 5.)  Although protective orders that completely bar a deposition are not favored, a subpoena to depose opposing counsel "calls for special scrutiny of this general rule."  *West Peninsular Title Co. v. Palm Beach County*, 132 F.R.D. 301, 302 (S.D. Fla. 1990).

ORDER – 2

Accordingly, the burden of establishing the right to discovery from opposing counsel is upon the requesting party. *United Phosphorus*, 164 F.R.D. at 248. The district courts in this circuit have uniformly followed the Eighth Circuit in requiring the proponent of an attorney's deposition to show that "(1) [n]o other means exist to obtain the information than to depose opposing counsel; (2) [t]he information sought is relevant and nonprivileged; and (3) [t]he information is crucial to the preparation of the case." *Am. Cas. Co. v. Kreiger*, 160 F.R.D. 583, 589 (S.D. Cal. 1995) (citing *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986)); *see also Mass. Mut. Life Ins. Co. v. Cerf*, 177 F.R.D. 472, 478–79 (N.D. Cal. 1998) (noting that Shelton "is generally regarded as the leading case on attorney depositions"). Lloyd argues that because it seeks Jordan's deposition for use as testimony before the TTAB rather than a pretrial discovery device, "the considerations underlying the *Shelton* test . . . may not necessarily be relevant here." (Opp'n 10 n.7.) The Court disagrees; if anything, compelled trial testimony (or as here, its functional equivalent) from opposing counsel is even more troublesome than a pretrial discovery deposition.[1] In the absence of precedential or pragmatic concerns to the contrary, the Court finds that the Federal Rules of Civil Procedure govern the propriety of Jordan's deposition, and that the *Shelton* test is applicable under these circumstances.

The question thus becomes whether Lloyd has met its three-part burden under *Shelton*, the failure of any part of which requires the Court to grant SHC's motion to quash. As to the first prong, the Court agrees that Jordan alone executed the declaration on SHC's registration applications, stating that he had personal knowledge that "no other person, firm, corporation or associate has the right to use said mark in commerce." It also appears undisputed that Jordan played a substantial role in the pre-registration

---

[1] There is nothing in the TTAB's own Manual of Procedure that compels a different conclusion. *See* TRADEMARK AND APPEAL BOARD MANUAL OF PROCEDURE Rule 702 ("The introduction of evidence in inter partes proceedings before the Board is governed by the Federal Rules of Evidence, the relevant portions of the Federal Rules of Civil Procedure, [and] the relevant provisions of Title 28 of the United States Code . . . ."); *see also* E. Lynn Perry, *Discovery in the TTAB*, 732 PLI/PAT. 403, 409 (Jan.–Feb. 2003) (noting limited number of FRCP provisions not applicable in TTAB proceedings).

ORDER – 3

licensing negotiations between the parties—which Lloyd relies on as evidence of its superior rights to the marks. *Cf. United Phosphorus*, 164 F.R.D. at 249 ("When a party employs counsel to represent it in a case where an attorney has played a role in the underlying facts, both the attorney and the party have every reason to expect that the attorney's deposition may be requested."). These facts, however, do not support a finding that deposing Jordan is the only available means of determining whether (1) SHC was aware of Lloyd's alleged prior rights to the marks, or (2) the parties' pre-registration licensing negotiations support Lloyd's claims. In sum, Lloyd has made no showing that other discovery devices or other witness have proven fruitless sources for discovering whether SHC itself knew that it did not have superior rights to Lloyd.

Of greater importance here is the second prong, which requires the information sought at the deposition to be non-privileged. Although the information Jordan possesses about his declaration and the parties' pre-registration negotiations may be relevant to the parties' dispute in the TTAB, Lloyd has not made a showing that this information is non-privileged. Lloyd argues that SHC has impliedly waived the privilege by denying, in its answer to Lloyd's opposition and cancellation petitions, Lloyd's allegations that SHC "knew it was not the owner of the mark NITRO" and made "material misrepresentations" to the PTO in its registrations. (Edmiston Decl. Ex. 5 at 2, ¶ 8; *id.* Ex. 6 at 3, ¶¶ 9, 10.) In the Ninth Circuit, courts will find the privilege waived by implication where a party "takes a position in litigation that makes it unfair to protect that party's attorney-client communications." *Bittaker v. Woodford*, 331 F.3d 715, 719 (9th Cir. 2003) (internal quotes omitted). Put differently, a party "may not abuse the privilege by asserting claims [that] the opposing party cannot adequately dispute unless it has access to the privileged materials." *Id.* The Court find s that SHC has not done so thus far in the parties' underlying dispute. It is conceivable, given the substance of the parties' dispute, that SHC may eventually raise Jordan's declaration of personal knowledge on its registration applications as an affirmative defense; it might also eventually argue that Jordan's knowledge gained from participating in the parties' licensing negotiations supports its defense. Absent such actions, the Court is unconvinced

ORDER – 4

1  that an implied reference to the applications in generic pleading responses constitutes use of the privilege
2  as a sword and justifies a finding that SHC has waived the privilege as to Jordan's potential testimony.

### III. CONCLUSION AND ORDER

For the foregoing reasons, Lloyd "has not shown that no other means exist to obtain the information [it] seeks, and [it] has not shown that the information sought is not privileged." *Caterpillar, Inc. v. Friedmann*, 164 F.R.D. 76, 78–79 (D. Or. 1995). Accordingly, SHC's motion to quash SHC's deposition subpoena is GRANTED.

SO ORDERED this 23rd day of March, 2006.

UNITED STATES DISTRICT JUDGE

ORDER – 5